UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE SWINNEY and RUSSELL JACOBS, <br><br> Defendants. | Case No. 1:17-CV-573 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff, Firemen's Insurance Co. of Washington, D.C. ("FIC"), by and through counsel, Hinshaw & Culbertson LLP, and for its Complaint for Declaratory Judgment, it states as follows:

**PARTIES**

1.  Plaintiff Firemen's Insurance Co. of Washington, D.C., is a Delaware corporation with its principal place of business in Glen Allen, Virginia. FIC is in the business of providing liability insurance.

2.  On information and belief, Defendant Stephanie Swinney ("Swinney") is a resident of and domiciled in the state of Texas.

3.  On information and belief, Defendant Russell Jacobs ("Jacobs") is a resident of and domiciled in Bloomington, Monroe County, State of Indiana.

**JURISDICTION AND VENUE**

4.  This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a). FIC and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is appropriate in the Southern District of Indiana by virtue of the provisions of 28 U.S.C. §1391. The lawsuit for which the defendants seek coverage from FIC is pending in Morgan County, Indiana Superior Court as *Russell Jacobs v. Stephanie Swinney and Pure Beverage Company*, Case Number 55D03-1612-CT001903, and the underlying incident at issue occurred in this District.

## JURY DEMAND

6. FIC demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## BACKGROUND

7. On or about December 5, 2016, Jacobs filed a lawsuit against Swinney and Pure Beverage Company ("Pure Beverage) in Morgan County, Indiana Superior Court under Case Number 55D03-1612-CT-001903 (the "Underlying Action").

8. The Complaint in the Underlying Action seeks damages for injuries allegedly sustained by Jacobs as a result of a collision on January 31, 2015, when a vehicle being driven by Swinney allegedly drove into a moped being driven by Jacobs. A true and correct copy of the Complaint in the Underlying Action is attached as **Exhibit A**.

9. On information and belief, at the time of the incident, Swinney was living with her fiancé, Danny Scott ("Scott").

10. Scott had regular use of a van owned by his employer, Pure Beverage (the "Pure Beverage Van").

11. Swinney was allegedly driving the Pure Beverage Van at the time of the accident giving rise to the Underlying Action.

12. On information and belief, Scott parked the Pure Beverage Van at his home each night.

13. On information and believe, Scott was expressly instructed by Pure Beverage not to allow anyone else utilize the Pure Beverage Van.

14. On information and belief, on the day of the accident involving Swinney and Jacobs, Swinney had taken the keys to the Pure Beverage Van and intended to utilize it to run an errand.

15. On information and belief, about one block down the road, Swinney pulled from a stop sign in front of a moped, allegedly causing an accident and injury to Jacobs.

16. Although the Complaint in the Underlying Action alleges that Swinney was operating the vehicle "while in the course of her employment for the defendant, Pure Beverage Company," Swinney was, in fact, *not* an employee of Pure Beverage Company.

17. On information and belief, Swinney did not request and Scott did not grant Swinney permission to drive the Pure Beverage Van.

18. Additionally, Scott signed Pure Beverage's Salesman Vehicle Policies on April 28, 2014, which expressly states that only Pure Beverage employees may drive the van:

### SALESMAN VEHICLE POLICIES

\* \* \*

- ONLY PURE BEVERAGE CO. EMPLOYEES MAY DRIVE THE CAR.

\* \* \*

A true and correct copy of Pure Beverage's Salesman Vehicle Policies signed by Scott is attached as **Exhibit B**.

19. At the time of the incident, Swinney was not an employee of Pure Beverage Company.

20. At no time did Pure Beverage grant Swinney permission to use the Pure Beverage Van.

25449566v1 1682

21. FIC issued a Commercial Auto policy to Pure Beverage under Policy Number CPA 3050514-21 for the policy period of January 29, 2015 to January 29, 2016 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit C**.

22. Under Business Auto Coverage Form number CA 00 01 03 06, the designated Covered Autos is "Symbol 1" or "Any Autos".

23. The Policy's liability insuring agreement provides, in relevant part, the following:

**SECTION II- LIABILITY COVERAGE**

**A.   Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1.   Who Is An Insured**

The following are "insureds":

**a.**   You for any covered "auto".

**b.**   Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)**   The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not

4

        apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

    **(2)**    Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    **(3)**    Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

    **(4)**    Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

    **(5)**    A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

  **c.**  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

24.    To fall within the coverage provided by the insuring agreement, Swinney must qualify as an "insured."

25.    The Policy defines "insured" as follows:

  **G.**  "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

26.    Under the "Who Is An Insured" provision, the Policy provides insured status to "anyone else while using with your permission a covered 'auto' you own, hire or borrow."

27.    The terms "you" and "your" are defined in the Policy as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

28.    The Named Insured shown in the Declarations is Pure Beverage Company.

29. Accordingly, for Swinney to qualify as an insured under the Policy, Swinney must have been using the Pure Beverage Van with "[Pure Beverage Company's] permission."

30. Swinney did not have Pure Beverage's permission to use the Pure Beverage Van on the date of the underlying accident, and in fact never had Pure Beverage's permission to use the Pure Beverage Van.

31. Furthermore, Scott's use of the Pure Beverage Van was expressly restricted by the Salesman Vehicle Policies, which provided that only Pure Beverage employees may drive the vehicle.

32. Accordingly, Swinney does not qualify as a "permissive user" of the Pure Beverage Van and, therefore, does not qualify as an "insured" under the Policy issued to Pure Beverage.

33. FIC has no obligation to provide coverage to Swinney with respect to the Underlying Action.

## COUNT I

## SWINNEY DOES NOT QUALIFY AS AN INSURED UNDER THE POLICY

34. FIC adopts and realleges the allegations in paragraphs 1 through 33 of its Complaint for Declaratory Judgement as if fully set forth herein.

35. To fall within the coverage provided by the Policy's insuring agreement, Swinney must qualify as an "insured."

36. Swinney does not qualify as an insured under the Policy because she was not using the Pure Beverage Van with Pure Beverage's permission.

37. FIC has and had no duty under the Policy to defend Swinney in the Underlying Action, or to indemnify Swinney for any judgment or settlement entered in the Underlying Action.

25449566v1 1682

38. An actual controversy exists between FIC, Swinney, and Jacobs, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, FIC, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the FIC Policy;

b. Find and declare that Swinney does not qualify as an insured under the FIC Policy;

c. Find and declare that FIC has and had no duty under the FIC Policy to defend Swinney in the Underlying Action, or to indemnify Swinney for any judgment or settlement entered in the Underlying Action; and

d. Grant FIC such other and further relief that the Court deems appropriate under the facts and circumstances.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

s/ Scott B. Cockrum
Scott B. Cockrum (20840-45)
Counsel for Plaintiff, Firemen's Insurance Co. of Washington, D.C.
322 Indianapolis Boulevard, Suite 201
Schererville, Indiana 46375
Phone: (219) 864-5051
Fax No.: (219) 864-5052
scockrum@hinshawlaw.com

25449566v1 1682