UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:17-cv-00573-TWP-TAB<br>)<br>) |
| STEPHANIE SWINNEY and<br>RUSSELL JACOBS, | )<br>)<br>) |
| Defendants. | ) |

### ENTRY ON MOTION FOR DEFAULT JUDGMENT
### AGAINST DEFENDANT STEPHANIE SWINNEY

This matter is before the Court on Plaintiff Firemen's Insurance Company of Washington, D.C.'s ("FIC") Motion for Default Judgment as to Defendant Stephanie Swinney ("Swinney") (Filing No. 17). In this action, FIC seeks a declaratory judgment that it has and had no duty to defend or indemnify Swinney for any judgment or settlement entered in an underlying lawsuit entitled *Russell Jacobs v. Stephanie Swinney and Pure Beverage Company*, Case No. 55D03-1612-CT001903, currently pending in Morgan County, Indiana Superior Court (the "Morgan County Lawsuit"). (Filing No. 17 at 1.) Swinney has failed to answer or otherwise respond to the Motion for Default Judgment, however, the Defendant Russell Jacobs ("Jacobs") has filed Responses in Opposition (Filing No. 20; Filing No. 24). For reasons explained below, the Court **grants** FIC's Motion for Default Judgment against Swinney.

### I. BACKGROUND

The Morgan County Lawsuit surrounds a collision between Jacobs and Swinney while Swinney was driving a Pure Beverage Company van (the "Pure Beverage van"). (Filing No. 1-1

at 2.) At the time of the accident, Swinney was living with her fiancé, Danny Scott ("Scott"), who was an employee of Pure Beverage. FIC alleges that Swinney did not have Pure Beverage's permission to use the Pure Beverage Van on the date of the collision, that Swinney does not qualify as a "permissive user" of the Pure Beverage Van, and therefore, does not qualify as an "insured" under their insurance agreement. Jacobs filed the Morgan County Lawsuit against Swinney and Pure Beverage Company ("Pure Beverage") on December 5, 2016, seeking damages for injuries sustained during the collision. FIC is Pure Beverage's insurer and Jacobs contends, by the FIC Policy, it has a duty to defend Pure Beverage (or its interest) against the Morgan County Lawsuit.

FIC filed a Complaint for Declaratory Judgment in this Court on February 22, 2017. (Filing No. 1.) In its Complaint, FIC alleges that for Swinney to qualify as an insured under the FIC Policy, Swinney must have been using the Pure Beverage Van with "[Pure Beverage Company's] permission." *Id.* at 6. FIC asks the Court to determine and adjudicate the rights and liabilities of the parties with respect to the FIC Policy; to find and declare that Swinney does not qualify as an insured under the FIC Policy; and declare that FIC has and had no duty under the FIC Policy to defend Swinney in the Underlying Action, or to indemnify Swinney for any judgment or settlement entered in the Underlying Action. *Id.* at 7.

The summons and Complaint were served on Swinney on April 11, 2017, by a process server and on April 19, 2017, by US Mail. *Id.* at 2. Service was properly effectuated. (Filing No. 17-1). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Swinney's appearance and responsive pleading to FIC's Complaint were due by May 10, 2017. *Id.* Swinney failed to appear or file a responsive pleading within the twenty-one (21) day time frame allowed. FIC filed a Motion for Clerk's Entry of Default against Swinney and on July 12, 2017, the Clerk of this Court

granted FIC's Motion, pursuant to Fed. R. Civ. P. 55(a) (Filing No. 16). On August 18, 2017, FIC filed its Motion for Default Judgment against Swinney. (Filing No. 17.)

Jacobs filed a Response opposing FIC's Motion and asked the Court to stay ruling on the default judgment for 90 days until he had an opportunity depose Swinney. (Filing No. 20 at 1.) Swinney appeared for deposition on September 20, 2017. Jacobs filed an additional Response in Opposition on October 2, 2017, and attached as an exhibit the 55-page transcript of Swinney's deposition testimony. (Filing No. 24; Filing No. 24-1). Swinney has not filed an Answer or otherwise appeared in this case; however during her deposition she disputed the fact that she did not have permission to use the Pure Beverage Van. (Filing No. 24-1 at 16-18.)

## II. STANDARD OF REVIEW

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the Clerk of Court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). Because this action seeks a declaratory judgment, FIC "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Rule 55(b) requires FIC to establish the following for the grant of a default judgment: (1) when and against what parties the default was entered, (2) the pleading as to which default was entered, (3) that the defaulting parties are neither infants nor incompetent, (4) that the defendants are not in military services, and (5) that notice has been served on the defaulting party. *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006).

While the Seventh Circuit generally favors a trial on the merits, it does not disfavor default judgments. *J & J Sports Prods., Inc. v. Kotsopoulos*, No. 1:13-CV-346-SLC, 2015 WL 5730343,

3

*3 (N.D. Ind. 2015). Typically, courts grant relief from default in the case of "excusable neglect." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994). Entry of default judgment is appropriate if the defaulting party has exhibited a "willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Relief from the entry of a default prior to a default judgment being entered is evaluated under Rule 55(c). *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015). Under this rule, the court exercises discretion under a somewhat more lenient standard than if judgment had actually been entered. *Id.* "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009).

A party establishes good cause by showing that "it did not willfully ignore the pending litigation but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631. Good cause does not necessarily require a good excuse for the defendant's lapse. *JMB*, 799 F.3d at 793. Good cause is found with an honest mistake, not as the result of willful misconduct, carelessness or negligence. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

A meritorious defense is supported by a legal and factual basis, raising serious doubt about the appropriateness of entering a default judgment. *Richards v. O'Daniel*, No. 3:11-CV-63-RLY, 2012 WL 695820, *3 (S.D. Ind. 2012). "A defense is meritorious if it is good at law so as to give the fact finder some determination to make. However, a defendant must allege more than ... bare legal conclusions." *Franklin v. PTS of America, LLC*, No. 08-CV-1264, 2010 WL 582618, *2 (C.D. Ill. 2010).

## III. DISCUSSION

FIC took a number of steps toward obtaining default judgment against Swinney. It filed and obtained a Clerk's Entry of Default against Swinney on July 12, 2017 ([Filing No. 14](); [Filing No. 16](); and [Filing No. 17]()). FIC established that Swinney is not in military services. *Id*. at 2. FIC further established that notice was properly served on Swinney. *Id.* FIC did not affirmatively establish that Swinney was neither an infant nor incompetent; however, nothing in the record points to Swinney being an infant or incompetent and Swinney's competency is not disputed.

To defeat a default judgment, Swinney must show good cause for her default, quick action to correct it, and a meritorious defense to the complaint. Swinney has not shown good cause for her default as she has not put forth a reason for her failure to respond. Despite FIC seeking entry of default approximately six months ago, Swinney has still not filed an Answer or otherwise appeared in this case. Similarly, because Swinney has yet to file an Answer or any other pleading in this case, quick action to correct has not been shown. Regarding the third criteria of showing a meritorious defense to the Complaint, Swinney has not submitted any defense to the Court. Rather, it is Jacobs who asserts that he believes he has a meritorious defense on the merits to FIC's claim for declaratory relief and that Swinney has shown an intent to defend by appearing for a deposition. ([Filing No. 24 at 2]() ¶ 6.) The fact that Swinney has still not filed an answer weighs heavily against Jacobs' argument and in favor of a finding that Swinney has shown no good cause for her default and Swinney's failure to respond is the result of willful refusal to litigate the case pending in this Court.

Jacobs relies on *Cracco v. Vitran Exp., Inc.,* to argue an intent to defend frequently acts to prevent default. 559 F.3d 625 (7th Cir. 2009). Jacobs asserts on Swinney's behalf, that she has presented an intent to defend by participating in the deposition. Specifically, Jacobs' argues that

although Swinney has not filed an Answer, she has a meritorious defense in this matter "by way of a deposition on September 20, 2017, that disputes Plaintiff's assertion on her non-permissive use." (Filing No. 24 at 2, ¶ 5.) However, the facts of *Cracco* defeat Jacobs' argument. Although the district court vacated the entry of default against the defendant in that case due to setting forth a meritorious defense, this was due to the defendant setting forth a meritorious defense by filing an *answer*, albeit a late answer. *Cracco,* 559 F.3d at 631. The defendant in that case also set forth a reason for its late answer in that the registered agent failed to forward the summons to the appropriate employee and filed its motion to vacate the default entry eight days after the clerk's entry. *Id.* The facts in this case are inapposite in that the defaulted defendant, Swinney, to this date, has not participated in this action.

Even if the Court were to accept that Swinney has shown an *intent to defend* by participating in the deposition, there is serious doubt as to whether her deposition amounts to a meritorious defense. Specifically, in Swinney's deposition she explains how she believed she had permission to use the Pure Beverage Van. (Filing No. 24 at 16-18). The Pure Beverage Van remained parked at Swinney and Scott's home when Scott was not working. *Id*. Scott signed and acknowledged the Salesmen Vehicle Policies ("Vehicle Policy") which stated "only Pure Beverage Co. Employees may drive the car." (Filing No. 1 at 2*.)* In her deposition, Swinney explains that Scott did not restrict her from using the Pure Beverage Van (Filing No. 24-1 at 16-18). She also explains that she believed she had permission to use the Pure Beverage Van because she and Scott paid $200.00 each month for the van[1], and they share the same insurance. *Id.* at 25-26. However, Scott's unilateral allowance of Swinney to use the Pure Beverage Van does little to establish

---

[1] Scott was required to pay $50.00 a week for the van under the Pure Beverage's Vehicle Policy.

Swinney was a permissive user and contradict the terms of the Vehicle Policy which Scott signed and acknowledged.

Jacobs argues that his defense in the case is based in significant part on the testimony of Swinney and because FIC has already been provided with a full, fair, and timely opportunity to depose Swinney, there is good cause to deny FIC's Motion for Default Judgment against Defendant Swinney ([Filing No. 24 at 2](Filing No. 24 at 2)).  However, this argument is not a basis to defeat default judgment with respect to Swinney.  The Seventh Circuit has iterated that the touchstone of a default judgment analysis is excusable neglect.  *Johnson*, 35 F.3d at 1117 ("meaning that we will grant relief only 'where the actions leading to the default were not willful, careless, or negligent.'").  Jacobs has not shown excusable neglect because Swinney's action in not filing an answer at all points to a willful refusal to participate in the litigation process. Swinney's cooperation in participating in a deposition is not sufficient to cure her failure to properly present a defense by filing an answer.  And Jacobs cannot cure this willful refusal on her behalf.

Furthermore, a meritorious defense alone is insufficient, as all three elements must be met to vacate an entry of default.  *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 46–47 (7th Cir. 1994) (holding that the court did not need to consider the third requirement, *i.e.* whether or not defaulting party's action to correct the default was "quick" enough because failure to clear first hurdle in not showing good cause for default was a sufficient basis to not consider meritorious defense).  Because Swinney has not shown good cause for her default and she has not taken any action to cure it, the Court **grants** FIC's Motion for Default Judgment against Swinney.

## IV. CONCLUSION

For the reasons set forth above, FIC's Motion for Default Judgment against Swinney ([Filing No. 17](#)) is **GRANTED**. On default, the Court declares that FIC has no duty under the FIC Policy to defend Swinney in the Underlying Action, or to indemnify Swinney for any judgment or settlement entered against her in the Underlying Action[2].

**SO ORDERED.**

Date: 12/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephanie Swinney
5436 Collett Drive East
Camby, Indiana 46113-8421

Scott B. Cockrum
HINSHAW & CULBERTSON
scockrum@hinshawlaw.com

Bradford James Smith
KEN NUNN LAW OFFICE
brads@kennunn.com

---

[2] Whether the default judgment resulting from Swinney's failure to answer the insurer's complaint relieves the insurer of its duties to a third party under Indiana law remains at issue. Jacobs may call Swinney as a witness and continue to pursue the issues remaining in this action, including: a determination of the rights and liabilities of the parties hereto with respect to the FIC Policy; and a determination as to whether Swinney does not qualify as an insured under the FIC Policy; and whether Scott's use of the Pure Beverage Van was expressly restricted by the Salesman Vehicle Policies.