UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:17-cv-00573-TWP-TAB ) |
| STEPHANIE SWINNEY and RUSSELL JACOBS, | ) ) |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Firemen's Insurance Company of Washington D.C.'s ("FIC") Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56. ([Filing No. 28](#).) In this action, FIC seeks a declaratory judgment that it has and had no duty to defend or indemnify Defendant Stephanie Swinney ("Swinney") for any judgment or settlement entered in an underlying lawsuit entitled *Russell Jacobs v. Stephanie Swinney and Pure Beverage Company*, Case No. 55D03-1612-CT001903, currently pending in Morgan County, Indiana Superior Court (the "Morgan County Lawsuit"). The basis of this contention is that Swinney was not a permissive driver of the insureds' company vehicle when it struck Defendant Russell Jacobs ("Jacobs"), and, as such, Swinney does not qualify as an insured under an insurance policy issued by FCI. For reasons explained below, the Court **grants** FIC's Motion for Summary Judgment.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Jacobs as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986). Pursuant to Local Rule 56-1(f)(1), the facts that Jacobs asserts are true, to the extent admissible evidence supports them.

The Morgan County Lawsuit surrounds a collision between Jacobs and Swinney while Swinney was driving a vehicle owned by Pure Beverage Company ("Pure Beverage"). ([Filing No. 1-1 at 2](#).) Jacobs filed the Morgan County Lawsuit against Swinney and Pure Beverage on December 5, 2016, seeking damages for extensive injuries sustained during the collision. FIC is Pure Beverage's insurer and Jacobs contends, pursuant to the FIC policy, it has a duty to defend Pure Beverage (or its interest) in the Morgan County Lawsuit.

At the time of the accident, Swinney was living with her fiancé, Danny Scott ("Scott"), who was an employee of Pure Beverage. ([Filing No. 29-3 at 3](#).) Swinney was never employed by Pure Beverage. ([Filing No. 29-2 at 1](#).) Though Scott does not recall signing Pure Beverage's written vehicle policy, he knew certain policies existed. ([Filing No. 29-1 at 5](#).) The Commercial Auto Policy issued to Pure Beverage states as follows:

> A. Coverage
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "sui"" as we consider

appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. Who Is An Insured

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(Filing No. 1-3 at 21-22.) When shown the policy terms during his deposition, Scott testified that the terms appeared to be what he remembered. *Id.* at 8. On the day of the accident, Swinney took the Pure Beverage vehicle without the knowledge or permission of Scott, nor did she have permission from Pure Beverage. *Id.* at 4. (Filing No. 29-3 at 3.) Prior to the date of the accident, Swinney had never driven the Pure Beverage vehicle, and had never spoken to anyone at Pure Beverage regarding permission to use the vehicle. (Filing No. 29-3 at 5-6.)

3

FIC is the Named Insured; throughout the policy "you" and "your" refer to the Named Insured. *Id.* at 2. The Pure Beverage vehicle policy stated that only Pure Beverage employees may drive the Pure Beverage vehicle. ([Filing No. 1-2 at 2](#).)

FIC filed a Complaint for Declaratory Judgment in this Court on February 22, 2017. ([Filing No. 1](#).) In its Complaint, FIC alleges that for Swinney to qualify as an insured under the FIC policy, Swinney must have been using the Pure Beverage vehicle with "[Pure Beverage Company's] permission." *Id.* at 6. The Summons and Complaint were served on Swinney on April 11, 2017, by a process server, and on April 19, 2017, by US Mail. *Id.* at 2. Service was properly effectuated. ([Filing No. 17-1](#).) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Swinney's appearance and responsive pleading to FIC's Complaint were due by May 10, 2017. *Id.* Swinney failed to appear or file a responsive pleading within the twenty-one (21) day time frame allowed. FIC filed a Motion for Clerk's Entry of Default against Swinney and on July 12, 2017, the Clerk of this Court granted FIC's Motion, pursuant to Fed. R. Civ. P. 55(a) ([Filing No. 16](#)). On August 18, 2017, FIC filed its Motion for Default Judgment against Swinney. ([Filing No. 17](#).) The Court granted that Motion on December 27, 2017. ([Filing No. 27](#).) On default, the Court declared that FIC has no duty under the FIC Policy to defend Swinney in the Underlying Action, or to indemnify Swinney for any judgment or settlement entered against her in the Underlying Action. *Id.* at 8. Jacobs remains the only defendant in this declaratory action.

## II. LEGAL STANDARD

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S.Ct. 1348 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Indeed, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("these are jobs for a factfinder"); *Hemsworth*, 476 F.3d at 490. "A 'material fact' is one identified by the substantive law as affecting the outcome of the suit." *Bunn v. Khoury Enterprises, Inc.,* 753 F.3d 676, 681–82 (7th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

### III. DISCUSSION

The facts in this case are largely undisputed. The central issue in this case is whether or not Swinney had permission to use the Pure Beverage vehicle. FIC contends that under the clear and unambiguous terms of the FIC policy, Swinney would only be entitled to coverage if she was a "permissive user" of the Pure Beverage vehicle at the time of the accident. (Filing No. 29 at 7.) Jacobs contends there is disputed issue of material fact regarding whether Scot's personal use of

5

the company vehicle was *initially restricted* by Pure Beverage's instructions or established policy. (Filing No. 36 at 1). He responds that permission may be implied, and that there is a factual dispute regarding whether Pure Beverage restricted the use of the vehicle to employees only, *i.e.* Scott. *Id.* at 1-2.

Many courts have referred to policy provisions similar to the one at issue, covering permissive use, as an "omnibus" clause. *Manor v. Statesman Ins. Co.,* 612 N.E.2d 1109, 1112 (Ind. Ct. App. 1993). "Indiana follows the 'liberal rule' in interpreting the scope of coverage for permissive use under an insurance policy omnibus clause." *Id.* at 1113. In *Arnold v. State Farm Mutual Automobile Insurance Co.,* the Seventh Circuit stated the "liberal rule" as:

> one who has permission of an insured owner to use his automobile continues as such a permittee while the car remains in his possession, even though that use may later prove to be for a purpose not contemplated by the insured owner when he entrusted the automobile to the use of such permittee

260 F.2d 161, 165 (7th Cir. 1958). "[I]nitial permission to use a vehicle is terminated where an employer places express restrictions on the use of company vehicles by employees and an employee violates those restrictions." *Manor,* 612 N.E.2d at 1113. "[W]hen an employer maintains a company policy which prohibits use of company vehicles for personal or social use, coverage will apply under an omnibus clause where the employer acquiesces in an employee's violation of company policy by relaxing those prohibitions." *Id.* Permissive use cannot be implied where an express restriction has been placed on the scope of permission that excludes the use which is the subject of a coverage dispute. *Id.* at 1114.

In *Manor*, the Indiana Court of Appeals held that an employee's permissive use of a company vehicle was terminated when the employee violated company policy by driving a vehicle for personal use without permission. *Id.* at 1115. Furthermore, the court held that the liberal rule did not apply, nor could permission be implied, because company policy expressly restricted

personal use of the vehicle in denying coverage for the ensuing collision caused by the employee. The policy at issue in *Manor* contained the same "insureds" definition at issue here, in that it covered the named insured and anyone else using the vehicle with the named insured's permission. *Id.* at 1112.

*State Farm Mut. Auto. Ins. Co. v. Gonterman* also considered an omnibus clause. 637 N.E.2d 811 (Ind. Ct. App. 1994). "This provision is known as an omnibus clause and, as required by Indiana law, the policy must insure [] against liability when others drive his vehicle with his express or implied permission." *Id.* at 813. In *Gonterman,* the defendant drove a vehicle with the permission of the policyholder's daughter; however the daughter had been expressly forbidden by her parents from loaning the vehicle to others. Because express restrictions were placed on the daughter's use of the vehicle, and the daughter violated those restrictions when she permitted the defendant to use the vehicle, the Indiana Court of Appeals held that even with the daughter's unauthorized permission that there was no coverage. *Id.* at 814. Additionally, there was no implied permission, because the daughter's initial permission was terminated when she loaned the car out for unauthorized use against her parents' express restrictions. *Id.* "When the owner of a vehicle places express restrictions on its use by others, the focus is not on whether the operator deviated from the contemplated use; the determinative question is whether the operator's use of the vehicle was restricted in the first instance." *Id.* at 811 (quoting *Arnold,* 260 F.2d at 165).

FIC contends that Scott's use of the Pure Beverage vehicle was expressly restricted by the Salesmen Vehicle Policies, which provided that only Pure Beverage employees may drive the vehicle. ([Filing No. 29 at 9](#).) As discussed earlier, Jacobs contends that there is a material factual dispute as to when or whether Pure Beverage restricted Scott's use prior to the accident. ([Filing No. 36 at 3](#).) Scott admitted knowledge that vehicle policies existed, but could not recall whether

7

he had ever been told that a non-employee was not allowed to drive the company vehicle. In support of implied permissive use here, Jacobs cites to *State Farm Fire & Cas. Co. v. White,* a case where the Indiana Court of Appeals held that the owner of a vehicle had not expressly restricted a permissive user from allowing a third person to drive. 341 N.E.2d 782, 785 (Ind. Ct. App. 1976). The only restriction placed on the vehicle's use in that case was for the permittee to return the vehicle in time for the owner to go to church that evening. Thus, the Indiana Court of Appeals held that there was coverage for the ensuing accident caused by a third driver, whom the owner had not expressly loaned the vehicle to. *Id.*

The facts here are distinguished. The Court agrees with FIC. The Pure Beverage Salesmen Vehicle Policy expressly restricted use of the Pure Beverage vehicle to employees use only. ([Filing No. 1-2 at 2.](#)) In addition to not remembering the exact language of the vehicle policy, Scott provided an affidavit that he did not sign the Salesmen Vehicle Policy prior to Swinney's accident. ([Filing No. 37-2 at 1](#).) The affidavit, provided after Scott's deposition testimony, is the subject of a Motion to Strike contained in FIC's reply brief. FCI notes that Scott's affidavit contradicts portions of his deposition testimony. FIC also notes that the evidentiary matters raised in its Motion to Strike, particularly with regards to an "alleged forgery" are not relevant to the ultimate outcome. ([Filing No. 38 at 6.](#))[1]

Viewing the facts in a light favorable to Jacobs, and accepting that Scott did not sign the Pure Beverage Salesmen Vehicle Policy, summary judgment in favor of FIC is still warranted for two reasons. First, despite Scott not recalling whether the particular use at issue was permitted, he did concede that he was aware that vehicle policies existed. ([Filing No. 37-1 at 16.](#)) Second, and dispositive, Scott conceded that he never gave Swinney permission to use the vehicle and had no

---

[1] Because FIC concedes that its Motion to Strike and the problematic Scott Affidavit are irrelevant to the ultimate outcome, the Court does not consider it. ([Filing No. 38 at 6.](#))

knowledge that she had taken it on the date in question. *Id.* at 8.  Moreover, there was no implied use based on a course of conduct, as Swinney conceded that this was the first time that she had used the vehicle.  ([Filing No. 29-3 at 5-6](#).)  Thus, neither Pure Beverage, nor Scott, acquiesced in Swinney's use of the Pure Beverage vehicle.

Unlike in *White*, express restrictions regarding who was permitted to drive the Pure Beverage vehicle governed Scott's use of the vehicle.  Similar to *Gonterman*, Scott was not permitted to allow third parties to drive the Pure Beverage vehicle, and even if he were allowed to permit others to drive the company vehicle, Scott never gave Swinney permission to use the vehicle. Similar to *Manor*, permission in this case terminated, whether through implied or express permission, because the scope of permission excluded Swinney's use thereby, also terminating Scott's use.  Because Swinney does not qualify as a "permissive user", she is not covered under the Commercial Auto Policy.  Thus, summary judgment is **granted** in favor of FIC.

### IV.  <u>CONCLUSION</u>

For the foregoing reasons, FIC's Motion for Summary Judgment ([Filing No. 28](#)) is **GRANTED**.  The Court will issue Final Judgment under separate order.

**SO ORDERED**.

Date:  9/13/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott B. Cockrum
HINSHAW & CULBERTSON
scockrum@hinshawlaw.com

Bradford James Smith
KEN NUNN LAW OFFICE
brads@kennunn.com